Tagged for Publication



**ORDERED in the Southern District of Florida on August 04, 2011.**

John K. Olson, Judge
United States Bankruptcy Court

___

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
**Fort Lauderdale Division**
www.flsb.uscourts.gov

**In re**:

David & Mary Ann **Hannon**,

Debtors.
_____/

Case No: 10-45771-JKO

Chapter 13

### Memorandum Opinion & Order

On June 29, 2011, the Debtors filed a "Motion to Determine that Debtors Who Individually Qualify for Chapter 13 Also Qualify for a Jointly Administered Chapter 13." *See* [ECF No. 85]. The matter was heard on July 13, 2011 and the court took the matter under advisement. The issue is whether Joint Chapter 13 Debtors who exceed 11 U.S.C § 109(e) debt limits may nevertheless proceed in Chapter 13 so long as they would have each been eligible to file *individual* petitions.

*Discussion*

Section 109(e) provides that:

> Only an individual with regular income that owes, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts of less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400 or **an individual with regular income and such individual's spouse**, except a stockbroker or a commodity broker, that owe, on the date of the filing of the petition, noncontingent, liquidated, unsecured debts that aggregate less than $360,475 and noncontingent, liquidated, secured debts of less than $1,081,400 may be a debtor under chapter 13 of this title.

11 U.S.C § 109(e) (emphasis added). The Debtors ask the court to read the statutory language as allowing married couples to "stack" their debt limits so long as each spouse would be able to file his or her own individual Chapter 13.

Judge Briskman of the Middle District has persuasively answered this question in a recent unpublished order. *See In re Scholz,* No. 6:10-bk-08446-ABB (Bankr. M.D. Fla. Apr. 11, 2011). The joint debtors in *Scholz* filed a Chapter 13 petition with $386,221.31 of unsecured debt, and the Chapter 13 Trustee moved to dismiss because the Debtors jointly exceeded § 109(e)'s $360,475 limit. Judge Briskman held that the "plain and unambiguous language of Section 302(b)" provides that each Debtor's filing "creates a separate estate which may be administered jointly." *Id.* at 3. He further held that, because § 109(e) uses the word "individual" rather than "individuals," "[e]ach person who files a petition must individually meet the § 109(e) eligibility requirements" and:

> It would be inconsistent with the plain meaning of the language of Sections 302(a), 302(b), and 109(e) to treat joint filers as a consolidated entity, whose debts taken together may not exceed the Section 109(e) ceilings, rather than two separate individuals who must separately each qualify as a debtor pursuant to Section 109(e). It would also be inconsistent with the exemption of assets to treat joint filers as a consolidated entity rather than separate individuals. Each debtor in a joint case may claim exemptions separately. *In re Gatto*, 380 B.R. 88, 95 (Bankr. M.D. Fla. 2007).

*Id.* at 4. The court accordingly allowed the Scholzes to proceed jointly in Chapter 13 because, analyzed individually, they each fell below the § 109(e) limit.

Judge Briskman's view is shared by bankruptcy courts nationwide. In Kansas, Judge Karlin held that, "[t]o read §109(e) in the manner proposed by the UST, which would essentially only allow married debtors half of the debt limits allowed for individual debtors, would clearly not further the goal of encouraging Chapter 13 filings." *In re Werts*, 410 B.R. 677, 688 (Bankr. D. Kan. 2009). Judge Leonard in North Carolina held that, "[f]or joint debtors, the debt limits apply individually. So long as each spouse qualifies separately under the limits, they are eligible to file jointly even if the debts of both spouses together would exceed the limits." *In re Bosco*, 2010 Bankr. LEXIS 3972, at *2 (Bankr. E.D.N.C. Nov. 9, 2010). This court agrees with Judges Briskman, Leonard, and Karlin. If married debtors are each eligible to file individual Chapter 13 petitions, they may file a joint Chapter 13 petition notwithstanding a combined debt total which exceeds § 109(e) limits.

This holding does not, however, help the Debtors in this case. The Debtors filed a joint Chapter 13 Petition on November 22, 2010, listing $495,979.00 of unsecured debt. *See* [ECF No. 1], at 10-19. They argue that they are eligible for Chapter 13 because they each individually fall below the § 109(e) limits, but their math is questionable because their schedules show the following:

| Creditor | David Hannon's Individual Debt | Marry Hannon's Individual Debt | Joint Debt | Contingent or Disputed Debt |
|---|---|---|---|---|
| American Express |  | $ 9,928.00 |  |  |
| American Express | $ 5,908.00 |  |  |  |
| American Express |  |  | $ 13,850.00 |  |
| American Co. |  |  | 69,980.00 |  |
| Bank of America |  |  | 58,368.00 |  |
| Bank of America |  |  | 46,567.00 |  |
| Bank of America |  |  | 42,368.00 |  |
| BP |  |  | 350.00 |  |
| Capital One |  |  | 1,890.00 |  |

| | | | | |
|---|---|---|---|---|
| Chase | 33,660.00 | | | |
| Chase | | | 7,504.00 | |
| Chase CC | | | | $ 31,000.00 |
| EAF LLC | 36,174.00 | | | |
| Enhanced Recovery Co L | | 624.00 | | |
| Gemb/paypal Smart Conn | | 1,373.00 | | |
| Lvnv Funding LLC | | 13,004.00 | | |
| NCO Group Fin Systems | 56.00 | | | |
| North Broward Hospital | | | 1,140.00 | |
| Pinnacle Credit Services | 606.00 | | | |
| Talbots | | 1,902.00 | | |
| TD Bank | | 11,847.00 | | |
| Thd/cbsd | | | 580.00 | |
| Wells Fargo | | | $ 107,300.00 | |
| **Totals** | **$ 76,404.00** | **$ 38,678.00** | **$ 349,897.00** | **$ 31,000.00** |
| | | | | |
| David Hannon's Total Noncontingent, Liquidated, Unsecured Debt | | | | **$ 426,301.00** |
| Mary Hannon's Total Noncontingent, Liquidated, Unsecured Debt | | | | **$ 388,575.00** |

*See id.*  Each Debtor individually exceeds § 109(e)'s $360,475 unsecured debt limit, so each is ineligible to file an individual Chapter 13 petition.  To be eligible to file a joint Chapter 13 petition under § 109(e), both Debtors must be individually eligible.  The Debtors' motion at **ECF No. 85** is accordingly **DENIED**.

SO ORDERED.

# # #

<em>The Clerk of Court is directed to provide copies of this order<br>to all interested parties registered to receive notice.</em>